**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **MARIA ABDON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 7:17-000006** |
| | § | |
| **STATE FARM LLOYDS AND** | § | |
| **HECTOR AMEZQUITA,** | § | |
| **Defendants.** | § | **JURY REQUESTED** |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant State Farm Lloyd ("Defendant" or "State Farm Lloyds"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a), and would show as follows:

## INTRODUCTION

1.      This is an insurance coverage and bad faith case.  On or about July 7, 2016, Plaintiff Maria Abdon, (hereinafter sometimes referred to as "Plaintiffs") filed Plaintiff's Original Petition in Cause No. C-5477-16-C in the 139th Judicial District Court of Hidalgo County, Texas, initiating a civil cause of action against State Farm Lloyds and Hector Amezquita ("Amezquita") (collectively, "Defendants")..

2.      Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendant State Farm Lloyds.  Additionally, Amezquita has been fraudulently joined for the purpose of defeating diversity.

3.      Plaintiff alleges multiple claims and causes of action against Defendants related to Defendants' handling of an insurance claim submitted by Plaintiff.  Plaintiff specifically alleges breach of contract, non-compliance with Chapters 541 and 542 of the Texas Insurance Code,

violations of Chapter 17 of the Texas Business & Commerce Code (the Deceptive Trade Practices Act or DTPA), breach of the duty of good faith and fair dealing, conspiracy to commit violations of the Texas Insurance Code, violations of the DTPA and fraud against State Farm Lloyds.  As to Amezquita, Plaintiff asserts claims for violations of the DTPA and Chapter 541 of the Texas Insurance Code, negligent misrepresentation, negligence and gross negligence, and conspiracy to commit violations of the Texas Insurance Code, violations of the DTPA and fraud. Plaintiff further alleges that Defendants' conduct was committed "knowingly" as that term is defined in the Texas Insurance Code and the DTPA.

4.      State Farm Lloyds was served with Plaintiff's Original Petition and Citation on or about December 14, 2016.  Amezquita has not been served with Plaintiff's Original Petition. State Farm Lloyds filed its Original Answer on January 6, 2017.

5.      State Farm Lloyds now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the state court in which this case was previously pending.

## GROUNDS FOR REMOVAL

6.      This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

## A.      Complete Diversity Exists Between the Parties.

7.      According to Plaintiff's Original Petition, at the time this action was commenced, Plaintiff was, and still is, domiciled in Hidalgo County, Texas and is a citizen of the State of Texas.  *See Plaintiff's Original Petition,* "Parties", included with the Index of State Court Papers attached as Exhibit A, hereto, incorporated herein, and made a part hereof for all pertinent purposes.  In determining diversity jurisdiction, the state where someone establishes his domicile

serves a dual function as his state of citizenship. *Hollinger v. Home State Mut. Ins. Co*., 654 F.3d 564 (5th Cir. 2011). A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. *Id.* "Evidence of a person's place of residence . . . is prima facie proof of his domicile." *Id.* (citations omitted). Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Id.* Thus, for purposes of diversity of citizenship, Plaintiff is considered a Texas citizen.

8.     At the time of filing of the lawsuit in state court and at the time of filing of this Notice of Removal, State Farm was and is an unincorporated insurance association whose underwriters were and are all citizens of states other than Texas. Accordingly, State Farm is not a citizen of the State of Texas for purposes of federal diversity jurisdiction. *See, e.g., Garza v. State Farm Lloyds*, 2013 WL 3439851 at *2 (S.D. Tex. July 8, 2013) ("Therefore, the Court finds that State Farm has sufficiently demonstrated by a preponderance of the evidence that its underwriters are not citizens of Texas. This means State Farm and Plaintiff are completely diverse."); *Cronin v. State Farm Lloyds*, 2008 WL 4649653 at *2 (S.D. Tex. October 10, 2008) (citizenship of State Farm Lloyds diverse from that of Texas plaintiffs); *Alonzo v. State Farm Lloyds*, 2006 WL 1677767, at *1 (W.D. Tex. June 12, 2006) (same); *Caballero v. State Farm Lloyds,* 2003 WL 23109217, at *1 (S.D. Tex. October 31, 2003) (same); *Rappaport v. State Farm Lloyds*, 1998 WL 249211, at *2 (N.D. Tex. May 8, 1998) (same).

9.     Finally, although Defendant Amezquita is a citizen and resident of the State of Texas, he has been "fraudulently joined" in this lawsuit in that the Plaintiff has not asserted any valid claim against him and joined him in this lawsuit solely in an effort to defeat diversity jurisdiction. A defendant may be disregarded as a party for purposes of establishing diversity if the court determines that the joinder is an improper device to defeat diversity jurisdiction and

prevent removal. *Madison v. Vintage Pet., Inc.,* 114 F.3d 514 (5th Cir. 1997); *Smallwood v. Illinois Cen. Rail Co.,* 385 F.3d 568, 571 (5th Cir. 2004); *In re Benjamin Moore & Co.,* 318 F.3d 626 (5th Cir. 2002); *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353 (11th Cir. 1996); *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921) (the "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy").

10.     To establish that a non-diverse defendant has been improperly joined, the removing party must prove: (1) actual fraud in the pleading of jurisdictional facts; or (2) the Plaintiff's inability to establish a cause of action against the non-diverse defendant.  *See Ross v. CitiFinancial, Inc.,* 344 F.3d 458, 461-62 (5th Cir. 2003); *see also Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.,* No. H–09–1728, WL 3602043, *3 (S.D. Tex. Oct. 27, 2009) (Werlein, J.).  However, whether a plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery. *Griggs v. State Farm Lloyds*, 181 F.3d. 694, 701 (5th Cir. 1999). The *Griggs* court required that the petition state specific "facts warranting liability" in order to defeat removal. *Id.* (emphasis added).  In the instant case, this Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on Amezquita.  *See Ross,* 344 F.3d at 462.  A reasonable basis for state liability requires that there be a *reasonable* possibility of recovery, not merely a *theoretical* one.  *Id.*  In evaluating that question, the Fifth Circuit has held that the court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim.  *See Campbell v. Stone Ins., Inc.,* 509 F.3d 665, 669 (5th Cir. 2007) (citing *Ross,* 344 F.3d at 462-63); *accord Travis v. Irby,* 326 F.3d 644, 648-49 (5th Cir. 2003).

11.     In order to assert a cognizable claim, a plaintiff must put defendants on fair notice of the allegations against them, not require defendants to "glean" the factual basis of such allegations from a list of ambiguous legal conclusions. *See Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.,* 4:09–cv–165–A, 2009 WL 1437837, *3–4 (N.D. Tex. May 22, 2009) (McBryde, J.) (finding allegations that listed Insurance Code provisions and asserted that "defendants" violated such provisions were "legal conclusions couched as factual allegations," which do not provide a reasonable possibility of recovery).  In order to assert an actionable cause of action against an adjuster, Texas federal courts require the plaintiff to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer. *See, e.g., Okenkpu v. Allstate Texas Lloyd's,* No. H–11–2376, 2012 WL 1038678 (S.D. Tex. March 27, 2012) (Harmon, J.); *Centro Cristiano Cosecha Final, Inc. v. The Ohio Cas. Ins. Co.,* Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D. Tex. Jan. 20, 2011) (Harmon, J); *Gonzales v. Homeland Ins. Co. of New York,* No. H–11–123, 2011 WL 3104104 (S.D. Tex. July 25, 2011) (Harmon, J.); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.,* No. H–10–4162, 2011 WL 2837588 (S.D. Tex. July 18, 2011) (Harmon, J.); *Jimenez v. Travelers Indem. Co.,* No. H–09–1308, 2010 WL 1257802, *6 (S.D. Tex. Mar.25, 2010) (Harmon, J.); *Glen Willow Apartments v. Lexington Ins. Co.,* No. H–10–2095, 2011 WL 1044206, *3 (March 16, 2001) (Harmon, J.).

12.     Plaintiff's factual allegations regarding Defendant Amezquita do not form the basis of an independent cause of action against him as opposed to the carrier.  Rather, Plaintiff filed suit against Amezquita for the same reasons that Plaintiff filed suit against State Farm Lloyds.  She is unhappy that State Farm Lloyds allegedly denied "full" payment to her.

13.     Texas law does not contemplate that an adjuster like Amezquita will be held

individually liable for the insurance carrier's decision on a claim.  *See Thomas v. State Farm Lloyds*, 2015 WL 6751130 (N.D. Tex. 2015); *Ardila v. State Farm Lloyds*, 2001 WL 34109 378 (S.D. Tex. 2001) (citing *Coffman v. Scott Wetzel Servs., Inc.*, 908 S.W.2d 516 (Tex. App.—Fort Worth 1995, no writ) for proposition that adjusters do not have liability under the DTPA for lack of good faith in processing insurance claims).  As Judge Melinda Harmon noted, claims against an individual adjuster for "insufficient investigation and undervaluing the claim, incorporated into a report to [the carrier], is insufficient to establish the possibility of a claim against him individually for violation of the Texas Insurance Code § 541.060(a), the DTPA, Business & Commerce Code §§ 17.41 et seq., and common law fraud."  *See Centro Cristiano Cosecha Final v. The Ohio Cas. Ins. Co.*, No. 4:10-cv-01846,  Memorandum Opinion dated January 20, 2011, p. 38; *see also Okenkpu v. Allstate Texas Lloyd's*, 2012 WL 1038678 (S.D. Tex. 2012) (Harmon, J.) (finding allegations virtually identical to those asserted by Plaintiff in the instant case insufficient to establish the possibility of a claim against the adjuster).  In addition, the Fifth Circuit has held, "there is no reasonable possibility that Texas would allow recovery under [former] Article 21.21 (or the Texas Deceptive Trade Practices Act (DTPA)) against an insurance company employee, who in the course of his employment engages in the business of insurance, in the absence of evidence sufficient to sustain a finding that that employee himself committed a violation of Article 21.21 (or the DTPA) (and that such violation was a cause of damage or legally recognized harm to the plaintiff)."  *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004); *see Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, 2009 WL 3602043, *4 (S.D. Tex. 2009) (conclusory allegations regarding "some involvement" by adjuster assigned to investigate claim after initial denial was not sufficient to support claims of fraud and Insurance Code violations); *Ford v. Prop. & Cas. Ins. Co. of Hartford*, 2009 WL 4825222 (S.D. Tex. 2009)

(pleading that individual defendant was one of the adjusters assigned to Plaintiff's claim was not sufficient to satisfy obligation under Texas law to allege that the adjusters, as individuals, committed the violation that caused the harm).

14.     Plaintiff does not allege specific facts regarding specific misrepresentations by Amezquita, nor does Plaintiff allege any specific detrimental reliance and injury from any such representation.  Texas courts have held that post-loss misrepresentations do not give rise to DTPA or Insurance Code liability.  *See Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 200 n.55 (Tex. 1990), *overruled on other grounds, Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378 (Tex. 2000); *Royal Globe Ins. Co. v. Bar Consultants, Inc*., 577 S.W.2d 688, 694-95 (Tex. 1979);  *Allstate Indem. Co. v. Hyman*, 2006 WL 694014, *8 (Tex. App.—Texarkana 2006, no pet.); *Avila v. Loya*; 2005 WL 1902120, *5 (Tex. App.—Amarillo 2005, no pet.); *Gulf States Underwriters of La., Inc. v. Wilson*, 753 S.W.2d 422, 430 (Tex. App.—Beaumont 1988, writ denied).  Moreover, the Texas Supreme Court has recently noted that a dispute over whether a claim was factually within the policy's terms was not sufficient to be a misrepresentation under the Texas Insurance Code.  *See Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 445-46 (Tex. 2012).

15.     As to Plaintiff's claims of negligence against Amezquita, Texas law does not recognize a cause of action for negligence or gross negligence in claims handling.  *See Rooters v. State Farm*, 428 Fed. Appx. 441, 448 (5th Cir. 2011).  In *Rooters*, the Fifth Circuit noted that the gist of the plaintiff's negligence claims were that "because [the insurer] failed to honor the policy provisions of the insurance contract, the company's 'acts and omissions' constitute[d] negligence in the handling of her claim."  Id.  Recognizing that "Texas law does not recognize a cause of action for negligent claims handling," the court stated that "[w]e have explained that the only

duties imposed on an insured, under Texas law, are (1) the duties to act in good faith and deal fairly with the insured and (2) the duties imposed by the parties' contract." *Id*. (*citing Higginbotham v. State Farm*, 103 F.3d 456, 460 (5th Cir.1997)). "In order for a tort duty to arise out of a contractual duty, i.e. negligent failure to perform a contract, the liability must arise independent of the fact that a contract exists between the parties." *Id*. (*citations omitted*). As in *Rooters*, Plaintiffs' claims herein stem directly from what she believes are damages covered by the policy and State Farm's alleged improper denial of her claim. Thus, her allegations are solely contractual in nature. Likewise, Plaintiff's claim for gross negligence are not recognized by Texas courts for claims handling issues. To establish gross negligence, "the act or omission complained of must depart from the ordinary standard of care to such an extent that it creates an extreme degree of risk of harming others." *Columbia Med. Ctr., Inc. v. Hogue*, 271 S.W.3d 238, 248 (Tex. 2008). Because neither State Farm nor Amezquita can be held liable for negligent claim handling, neither can they be held liable for grossly negligent claim handling. *Cf. Mobil Oil v. Ellender*, 968 S.W.2d 917, 921 (Tex.1998) (Evidence of simple negligence is insufficient to prove either the objective or subjective elements of gross negligence).

16.     Based upon the allegations in the Plaintiff's live pleading, there is no reasonable basis for predicting that Texas law will impose liability on Amezquita for Plaintiff's Chapter 541, DTPA, negligent misrepresentation, gross negligence or conspiracy to commit fraud and violations of the DTPA and Texas Insurance Code or that Plaintiff can establish a cause of action against him in state court. Amezquita has been improperly joined for the sole purpose of defeating diversity jurisdiction in this Court and his citizenship should be disregarded. Therefore, complete diversity of citizenship exists between Plaintiff and Defendants. Furthermore, although he has not yet been served, Mr. Amezquita consents to the removal of the case. But even if he

---

did not consent, because Amezquita was improperly joined in this action, his consent to removal is not required in this case. *See Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir.1993).

**B.      The Amount in Controversy Exceeds $75,000.**

17.      Additionally, the claims asserted by Plaintiff exceeds $75,000.00.   Plaintiff's Original Petition specifically states that Plaintiff seeks "monetary relief over $100,000, but not more than $200,000."   *See* Exhibit A at ¶ 2.   In addition, Plaintiff requested that the case be governed by a state court level 3 discovery control plan rather than a level 1 discovery control plan for expedited actions with amounts in controversy under $100,000.00 pursuant to Rules 169 and 190.2 of the Texas Rules of Civil Procedure.  *See* Exhibit A; TEX. R. CIV. PROC. 169, 190.2.

**VENUE**

18.      Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 139th Judicial District Court of Hidalgo County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in that district.

**PROCEDURAL REQUIREMENTS**

19.      Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit A hereto is an *Index of State Court Papers* and copies of all process, pleadings, orders, and the docket sheet on file in the state court lawsuit.  Additionally, attached as Exhibit B is a *List of Parties and Counsel* relating to this action, and attached as Exhibit C hereto is an *Index of Matters Being Filed* in this action.  Each of the exhibits is incorporated herein and made a part hereof for all pertinent purposes.

20.      Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

---

21.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of Defendant's Notice of Removal will be filed with the Clerk of the 139th Judicial District Court, Hidalgo County, Texas, promptly after Defendant files this Notice.

22.     This Notice of Removal is being filed within thirty (30) days of service of the citation and the Plaintiff's Original Petition, and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiff and Defendant State Farm Lloyds with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm Lloyds respectfully requests that the above-captioned action now pending in the 139th Judicial District Court of Hidalgo County, Texas be removed to the United States District Court for the Southern District of Texas, McAllen Division.

Respectfully submitted,

**JONES, ANDREWS & ORTIZ, P.C.**

By:___ */s/ Ray R. Ortiz*_____
            Ray R. Ortiz
            State Bar No. 15324280
            Southern District Federal ID 14026
10100 Reunion Place, Suite 600
San Antonio, Texas  78216
Telephone: 210/344-3900
Facsimile: 210/366-4301
Email: ray@jao-law.com
            rrosupport@jao-law.com
**ATTORNEY IN CHARGE**
**DEFENDANT, STATE FARM LLOYDS**

**OF COUNSEL:**
Jonathan Law
State Bar No. 24028656
Southern District Federal ID 1031088

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served to all counsel of record in accordance with the Federal Rules of Civil Procedure on January 6, 2017.

Jessica Taylor
Manuel Acuña-Neely
The Law Office of Jessica Taylor
14100 San Pedro, Suite 602
San Antonio, TX 78322
jessica@jtaylorlaw.com
manuel@jtaylorlaw.com

_/s/ Ray R. Ortiz_____
Ray R. Ortiz/Jonathan Law