**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **MARIA ABDON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 7:17-000006** |
| | § | |
| **STATE FARM LLOYDS AND** | § | |
| **HECTOR AMEZQUITA,** | § | |
| **Defendants.** | § | **JURY REQUESTED** |

---

**INDEX OF STATE COURT PAPERS**
**IN CAUSE NO. C-5477-16-C**

---

1.  Docket Sheet/Register of Actions.

2.  Civil Case Information Sheet.

3.  Plaintiffs' Original Petition and Request for Disclosure and Exhibit A.

4.  Service issued letter from the Hidalgo County District Clerk filed December 12, 2016.

5.  Citation for State Farm Lloyds.

6.  Citation for Hector Amezquita.

7.  Original Answer and Jury Demand by Defendant State Farm Lloyds.

**EXHIBIT B**

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back                    Location : All Courts   Images

# REGISTER OF ACTIONS
## CASE NO. C-5477-16-C

| | | |
|---|---|---|
| **Maria Abdon VS. State Farm Lloyds, Hector Amezquita** | §<br>§<br>§<br>§<br>§ | Case Type: **Contract - Consumer/Commercial/Debt (OCA)**<br>Date Filed: **12/09/2016**<br>Location: **139th District Court** |

---

### PARTY INFORMATION

| | **Attorneys** |
|---|---|
| **Defendant** **Amezquita, Hector** | |
| **Defendant** **State Farm Lloyds** | |
| **Plaintiff** **Abdon, Maria** | **Manuel Acuna-Neely**<br>*Retained*<br>210-732-8300(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 12/09/2016 | **Original Petition (OCA)** | | |
| 12/12/2016 | **Citation** | | |
| | State Farm Lloyds | Served | 12/14/2016 |
| | | Returned | 12/16/2016 |
| | Amezquita, Hector | Unserved | |
| 12/12/2016 | **Citation Issued** | | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Abdon, Maria | | | |
| | Total Financial Assessment | | | 352.00 |
| | Total Payments and Credits | | | 352.00 |
| | **Balance Due as of 01/04/2017** | | | **0.00** |
| 12/09/2016 | Transaction Assessment | | | 350.00 |
| 12/09/2016 | EFile Payments from TexFile | Receipt # DC-2016-092766 | Abdon, Maria | (350.00) |
| 12/20/2016 | Transaction Assessment | | | 2.00 |
| 12/20/2016 | EFile Payments from TexFile | Receipt # DC-2016-095317 | Abdon, Maria | (2.00) |

# CIVIL CASE INFORMATION SHEET

**C-5477-16-C**

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED   Maria Abdon v State Farm and Hector Amezquita

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| **Name:**<br>Manuel Acuna-Neely | **Email:**<br>manuel@jtaylorlaw.com | **Plaintiff(s)/Petitioner(s):**<br>Maria Abdon | ☒ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| **Address:**<br>14100 San Pedro, Ste. 602 | **Telephone:**<br>210 402 4022 | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:**<br>San Antonio, TX 78232 | **Fax:**<br>210 402 1225 | **Defendant(s)/Respondent(s):**<br>State Farm Lloyds and<br><br>Hector Amezquita | **Custodial Parent:**<br><br>**Non-Custodial Parent:** |
| **Signature:** | **State Bar No:**<br>24091489 | [Attach additional page as necessary to list all parties] | **Presumed Father:** |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☒ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional<br>   Liability:<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br>   List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/<br>   Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>   Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>  ☐ With Children<br>  ☐ No Children<br><br>**Other Family Law**<br>☐ Enforce Foreign<br>   Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>   of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br><br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with<br>   Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental<br>   Rights<br>☐ Other Parent-Child: |

| **Employment** | **Other Civil** | |
|---|---|---|
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>   Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case)*:

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees<br>
☐ Less than $100,000 and non-monetary relief<br>
☒ Over $100, but not more than $200,000<br>
☐ Over $200,000 but not more than $1,000,000<br>
☐ Over $1,000,000

Rev 2/13

Electronically Filed
12/9/2016 11:09:41 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. **C-5477-16-C**

| | | |
|---|---|---|
| **MARIA ABDON,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **_____JUDICIAL DISTRICT** |
| | § | |
| **STATE FARM LLOYDS and** | § | |
| **HECTOR AMEZQUITA,** | § | |
| | § | |
| **Defendants.** | § | **HIDALGO COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiff Maria Abdon files this Original Petition and Request for Disclosure against Defendants State Farm Lloyds and Hector Amezquita and alleges as follows:

### A.  DISCOVERY-CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 3 of Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery.  Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.  Plaintiff affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $100,000.

### B.  RELIEF

2.      Plaintiff seeks monetary relief over $100,000, but not more than $200,000. Tex. R. Civ. P. 47(c).

### C.  PARTIES

3.      Plaintiff, Maria Abdon, is an individual who resides in Hidalgo County, Texas.

4.      Defendant, State Farm Lloyds, is a Texas domestic Lloyd's plan insurance company that, on information and belief, is licensed to conduct the business of insurance in

Electronically Filed
1/5/2016 3:09:41 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-5477-16-C**

Texas or has its principal place of business located in Texas. Additionally, one or more of State Farm's members are citizens of Texas. It can be served with citation by serving its registered agent for service of process, Corporation Service Company, by certified mail, return receipt requested, at 211 E. 7th St., Suite 620, Austin, Texas 78701-3218.

5.      Defendant, Hector Amezquita, is a Texas resident, who may be served with citation by certified mail, return receipt requested at his residence located at 3146 Hidden Valley Dr., El Paso, Texas 79938-2748.

## D.  JURISDICTION

6.      The Court has subject matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

## E.  VENUE

7.      Venue is mandatory and proper in this district because all or a substantial part of the events or omissions giving rise to the claim occurred in Hidalgo County and the insured property that is the basis of this lawsuit is also located in that county.

## F.  CONDITIONS PRECEDENT

8.      All conditions precedent to recovery have been performed, waived, or have occurred.

## G.  FACTUAL BACKGROUND

9.      Plaintiff timely paid her insurance premiums and is the holder of insurance policy number 83-B7-F873-3 issued by State Farm.

10.      Plaintiff owned the insured property, which is located 915 Loma Linda, Alamo, Texas 78516 on January 10, 2014.

11.      Defendant State Farm or its agent sold the policy insuring the property to

Electronically Filed
1/5/2016 1:09:41 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5477-16-C

Plaintiff.

12.     On or about January 10, 2014, a severe wind and hailstorm struck the Alamo, Texas area causing severe damage to homes and businesses throughout the area, including Plaintiff's home.

13.     In the aftermath of the storm, Plaintiff submitted a claim to Defendant State Farm under the policy for roof damage and water damage the home sustained as a result of the hail and wind.   Plaintiff asked that Defendant State Farm cover the cost of repairs to the property pursuant to the policy and any other available coverages under the policy.

14.     State Farm assigned claim number 53697X783 to Plaintiff's claim and hired and/or assigned Defendant Hector Amezquita to adjust the claim.  Amezquita was the agent for State Farm and represented State Farm in regard to Plaintiff's claim. Amezquita also adjusted Plaintiff's claim by investigating, processing, evaluating, approving and/or denying, in whole or in part, Plaintiff's claim. As such, Amezquita acted as an insurance adjuster engaged in the business of insurance with respect to Plaintiff's insurance claim. Therefore, Amezquita, is a "person" who is individually liable for his unfair methods of competition or unfair or deceptive acts or practices under the Texas Insurance Code and the DTPA.

15.     Amezquita improperly adjusted Plaintiff's claim. Amezquita conducted a substandard inspection, which is evidenced in her report, which failed to include many of Plaintiff's damages.[1] Amezquita's estimate did not allow adequate funds to cover repairs to restore Plaintiff's home.  Without limitation, Amezquita misrepresented the cause of, scope of and cost to repair the damage to Plaintiff's property, as well as the amount of and insurance coverage for Plaintiff's claim under Plaintiff's policy. Amezquita made these and other

---

[1] Amezquita's Adjustment Report is attached as Exhibit A.

Electronically Filed
1/5/2016 3:09:41 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5477-16-C

representations to Plaintiff as well as to State Farm. Plaintiff and State Farm both relied on Amezquita's misrepresentations, including but not limited to those regarding the cause of, scope of and cost to repair the damage to Plaintiff's property, and Plaintiff has been damaged as a result of that reliance. Amezquita's misrepresentations caused State Farm to underpay Plaintiff on her insurance claim and, as a result, Plaintiff has not been able to properly and completely repair the damage to the property. This has caused additional, further damage to the property. Amezquita also advised Plaintiff as to how she could repair her property so as to prevent further damage to the property. This advice was negligent and false because Plaintiff could not properly repair her property by following Amezquita's advice. Plaintiff's property has sustained further damages as a result.

16.     Defendants misrepresented that the damages caused by the wind and hailstorm were only $6,485.95. However, Defendants' misrepresentations were false because Plaintiff's damages exceed $27,809.29

17.     State Farm and Amezquita failed to properly adjust the claim and Defendants have denied at least a portion of the claim without an adequate investigation, even though the policy provided coverage for the type of losses suffered by Plaintiff.

18.     These false representations allowed Defendants to gain financially by wrongfully denying at least a portion of Plaintiff's claim.

19.     Plaintiff's claim remains unpaid and Plaintiff has not been able to properly repair the home.

20.     State Farm failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the policy. Specifically, State Farm failed and refused to pay the full proceeds of the policy although a demand was made for proceeds to be paid in an amount

Electronically Filed
1/5/2016 1:09:41 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-5477-16-C**

sufficient to repair the damaged property and all conditions precedent to recovery upon the policy had been carried out by Plaintiff. State Farm's conduct constitutes a breach of the insurance contract between it and Plaintiff.

21.     Defendants misrepresented to Plaintiff that some of the damage to the home was not covered under the policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code Section 541.060(a)(1).

22.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their obligations to Plaintiff under the policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code Section 541.060 (a)(2)(A).

23.     Defendants failed to explain to Plaintiff why they offered inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements would be forthcoming to pay for the entire loss covered under the policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Tex. Ins. Code Section 541.060(a)(3).

24.     Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection regarding the entire claim in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code 541.060(a)(4).

25.     Defendants refused to fully compensate Plaintiff under the terms of the policy

Electronically Filed
1/5/2016 3:09:41 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5477-16-C

even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in biased, unfair and inequitable evaluation of Plaintiff's losses to the home. Defendants' conduct constitutes a violation of the Texas Insurance Code. Tex. Ins. Code 541.060(a)(7).

26.     State Farm failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code Section 542.056.

27.     State Farm failed to accept or deny Plaintiff's entire claim within the statutorily mandated deadline of receiving all necessary information. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code Section 542.056.

28.     State Farm failed to meet its obligations under the Texas Insurance Code regarding payment of a claim without delay. Specifically, State Farm has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for her claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code Section 542.056.

29.     From and after the time Plaintiff's claim was presented to Defendants, the liability of Defendants to pay the full claim in accordance with the terms of the policy was reasonably clear. However, Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. State Farm's conduct constitutes a breach of the common law duty of good faith and

Electronically Filed
3/9/2016 1:09:41 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5477-16-C

fair dealing.

30.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing Plaintiff in this case.

## H.  CAUSES OF ACTION

### BREACH OF CONTRACT AGAINST STATE FARM

31.     Plaintiff incorporates paragraphs 1-30 as if fully set forth herein.

32.     According to the insurance policy that Plaintiff purchased, State Farm has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the policy, resulting from the wind and hailstorm.  As a result of the wind and hailstorm and/or ensuing losses from the storm, both of which are covered perils under the policy, Plaintiff's property has been damaged.

33.     State Farm's failure and refusal to pay adequate compensation as it is obligated to do under the terms of the policy and under the laws of the State of Texas, constitutes a breach of State Farm's contract with Plaintiff.  As a result of this breach of contract, Plaintiff has suffered damages as are described in this petition.

### VIOLATION OF THE PROMPT PAYMENT OF CLAIMS ACT AGAINST STATE FARM

34.     Plaintiff incorporates paragraphs 1-33 as if fully set forth herein.

35.     Defendant State Farm's acts, omissions, failures and conduct violate Section 542 of the Texas Insurance Code.  Within the timeframe required after the receipt of either actual or written notice of Plaintiff's claim, Defendant did not request from Plaintiff any items, statements or forms that it reasonably believed at that time would be required from Plaintiff for her claim.  As a result, Defendant has violated Section 542 by failing to accept or reject

Electronically Filed
3/9/2016 11:09:41 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5477-16-C

Plaintiff's claim in writing within the statutory timeframe.  Defendant also violated Section 542 by failing to pay Plaintiff's claim.

36.     Defendant also violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period.  In addition, in the event it is determined Defendant owes Plaintiff any additional monies on Plaintiff's claim, then Defendant has automatically violated Section 542 in this case.

## VIOLATIONS OF THE DTPA AGAINST STATE FARM AND AMEZQUITA

37.     Plaintiff incorporates paragraphs 1-36 as if fully set forth herein.

38.     Plaintiff is a consumer of goods and services provided by Defendants pursuant to the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action against Defendants.

39.     Specifically, Defendants' violations of the DTPA include, without limitations, the following matters:  By their acts, omissions, failures, and conduct, Defendants have violated Sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.   Defendants' violations include, without limitation, (1) their unreasonable delay in the investigation, adjustment and resolution of Plaintiff's claim, (2) their failure in each claim to give Plaintiff the benefit of the doubt, and (3) their failure to pay for the proper repair of Plaintiff's property for which liability had become reasonably clear, which gives Plaintiff the right to recover under Section 17.46(b)(2).

40.     Plaintiff is entitled to recover under Section 17.46(b)(5) of the DTPA because Defendants represented to Plaintiff that the insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that they did not have.

Electronically Filed
5/9/2016 11:09:41 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5477-16-C

41.     Plaintiff is entitled to recover under Section 17.46(b)(7) of the DTPA because Defendants represented that the insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another.

42.     Plaintiff is entitled to recover under Section 17.46(b)(9) of the DTPA because Defendants advertised their insurance policy and adjusting and investigative services with the intent not to sell them as advertised.

43.     Plaintiff is entitled to recover under Section 17.46(b)(12) of the DTPA because Defendants represented to Plaintiff that the insurance policy and their adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have.

44.     Plaintiff is entitled to recover under Section 17.46(b)(24) of the DTPA because Defendants failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction which Plaintiff would not have entered had the information been disclosed.

45.     Plaintiff is entitled to recover under Section 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA because Defendants have breached an express warranty that the damage caused by the wind and hailstorm would be covered under the insurance policy.

46.     Plaintiff is entitled to recover under Section 17.50(a)(3) of the DTPA because Defendants' actions are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability and experience to a grossly unfair degree.

47.     Plaintiff is entitled to recover under Section 17.50(a)(4) of the DTPA because Defendants' conduct, acts, omissions, and failures are unfair practices in the business of insurance.

Electronically Filed
9/9/2016 1:09:41 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-5477-16-C**

48.     All of the above-described acts, omissions and failures of Defendants are a producing cause of Plaintiff's damages as described in the petition.  All of the above-described acts, omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

<u>**VIOLATIONS OF SECTION 541 OF THE TEXAS INSURANCE CODE AGAINST STATE FARM AND AMEZQUITA**</u>

49.     Plaintiff incorporates paragraphs 1-48 as if fully set forth herein.

50.     Plaintiff has satisfied all conditions precedent to bring this cause of action.

51.     By their acts, omissions, failures and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of section 541 of the Texas Insurance Code. Such violations include, without limitation all the conduct described in this petition, plus Defendants' unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim and Defendants' failure to pay for the proper repair of Plaintiff's property for which liability had become reasonably clear.  They further include Defendants' failure to give Plaintiff the benefit of the doubt.  Specifically, as described in Plaintiff's factual allegations, Defendants are guilty of the following unfair insurance practices:

a.     Engaging in false, misleading and deceptive acts or practices in the business of insurance;

b.     Engaging in unfair claims settlement practices;

c.     Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverages at issue;

d.     Not attempting in good faith to effectuate a prompt, fair and equitable settlement of claims submitted for which liability became reasonably clear;

Electronically Filed
9/9/2016 11:09:41 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5477-16-C

    e.     Failing to affirm or deny coverage of Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

    f.     Failing to promptly provide Plaintiff with a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of Plaintiff's claim or the offer of settlement.

52.    State Farm also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing.

53.    Plaintiff's damages resulted from Defendants' conduct.

54.    Defendants' acts, omissions, and failures were done knowingly as that term is described in the Texas Insurance Code.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING AGAINST STATE FARM

55.    Plaintiff incorporates paragraphs 1-54 as if fully set forth herein.

56.    By its acts, omissions, failure and conduct, State Farm has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for the denial.

57.    State Farm also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because it knew or should have known that it was reasonably clear the claim was covered. These acts, omissions, failures and conduct of State Farm are a proximate cause of Plaintiff's damages.

## CONSPIRACY AGAINST STATE FARM AND AMEZQUITA

58.    Plaintiff incorporates paragraphs 1-57 as if fully set forth herein.

Electronically Filed
5/9/2016 11:09:41 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-5477-16-C**

59.     Defendants were members of a combination of two or more persons, the object of which was to accomplish an unlawful purpose and/or a lawful purpose by unlawful means, including but not limited to, violating the DTPA, violating Sections 541 and 542 of the Texas Insurance Code, committing unfair and deceptive insurance practices, committing fraud and fraudulent inducement, committing breach of contract, and committing breaches of the duty of good faith and fair dealing. The Defendants had a meeting of the minds on the objects or courses of action.  Further, one or more of the Defendants committed unlawful, overt acts, including, but not limited to violating the DTPA, violating sections 541 and 542 of the Texas Insurance Code, committing unfair and deceptive insurance practices, committing fraud and fraudulent inducement, committing breach of contract, and committing breaches of the duty of good faith and fair dealing to further the objects or courses of action which, among other things, were intended to deprive Plaintiff of the benefit and coverage of the policy that she purchased.  Plaintiff suffered injury as a proximate result of these wrongful acts or omissions.

60.     The conspiratorial acts committed by Defendants were committed with gross negligence, fraud, or malice, as those terms are defined in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against Defendants.

## NEGLIGENCE AND GROSS NEGLIGENCE AGAINST AMEZQUITA

61.     Plaintiff incorporates paragraphs 1-60 as if fully set forth herein.

62.     Amezquita was negligent in giving advice to Plaintiff as to how she could repair the property so as to prevent further damage to the property.  This advice as to how to repair Plaintiff's property was negligent because Plaintiff could not properly repair the property and prevent further damage by following Amezquita's advice. Plaintiff's property has

Electronically Filed
3/9/2016 11:09:41 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-5477-16-C**

sustained further damage as a result. Amezquita owed a duty to use reasonable care when he undertook to advise Plaintiff as to how she could repair the property so as to prevent further damage to the property. Amezquita breached this legal duty. The breach proximately caused Plaintiff's damages.

63.     The acts and failures to act were committed with gross negligence, as the term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code, which justifies the imposition of exemplary damages against Amezquita.

## NEGLIGENT MISREPRESENTATION AGAINST AMEZQUITA

64.     Plaintiff incorporates paragraphs 1-63 as if fully set forth herein.

65.     Amezquita made representations to Plaintiff in the course of Plaintiff's business or in a transaction in which they had an interest. Amezquita supplied false information for the guidance of others, including Plaintiff. Amezquita did not exercise reasonable care or competence in obtaining or communicating the information to Plaintiff. Plaintiff justifiably relied on Amezquita's representations and Amezquita's representations proximately caused further damages to Plaintiff's property.

66.     The misrepresentations, acts and/or failures to act set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, so as to justify the imposition of punitive damages against Amezquita.

## I.  WAIVER AND ESTOPPEL

67.     Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

Electronically Filed
5/9/2016 11:09:41 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5477-16-C

## J.  DAMAGES

68.     The above-described acts, omissions, failures and conduct of Defendants have

caused Plaintiff's damages, which include, without limitation, the cost to properly repair

Plaintiff's property and any investigative and engineering fees incurred in the claim.  Plaintiff

is also entitled to recover consequential damages from State Farm's breaches of contract.

Plaintiff is also entitled to recover the amount of each of Plaintiff's individual claims plus an

18% per annum penalty on the claim against State Farm as damages under Section 542 of the

Texas Insurance Code, plus pre-judgment interest and attorney's fees.

## K.  ADDITIONAL DAMAGES

69.     Defendants also "knowingly" and "intentionally" committed deceptive trade

practices and unfair insurance practices as those terms are defined in the applicable statutes.

Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled to additional

damages as authorized by Section 17.50(b)(1) of the DTPA.  Plaintiff is further entitled to

additional damages authorized by Section 541 of the Texas Insurance Code.

## L.  EXEMPLARY DAMAGES

70.     State Farm's breach of its duty of good faith and fair dealing owed to Plaintiff

was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, and

with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies

Code.  In addition, Amezquita's conduct constituted gross negligence.  These violations by

Defendants are the type of conduct that the State of Texas protects its citizens against by the

imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary

damages in an amount to be determined by the finder of fact that is sufficient to punish

Electronically Filed
5/9/2016 11:09:41 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-5477-16-C**

Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

## M.  ATTORNEY'S FEES

71.     As a result of Defendants' conduct, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorney's fees.  Plaintiff is entitled to recover these attorney's fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## N.  JURY DEMAND

72.     Plaintiff asserts her right to a trial by jury, under Texas Constitution Article I, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial in accordance with Texas Rule of Civil Procedure 216. Plaintiff tenders the fee of $30.00 as required by Texas Government Code Section 51.604.

## O.     REQUEST FOR DISCLOSURE

73.     Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure194.2.

## P.  PRAYER

Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, that Plaintiff have and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case,

Electronically Filed
12/9/2016 11:09:41 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-5477-16-C**

for all costs of court, for pre-judgment and post-judgment interest as allowed by law, and for

any other and further relief, at law or in equity, to which she may show herself to be justly

entitled.

Respectfully Submitted,

**THE LAW OFFICE OF JESSICA TAYLOR**
14100 San Pedro, Suite 602
San Antonio, Texas 78232
(210) 402-4022 (Telephone)
(210) 402-1225 (Fax)


By:    /s/   *Manuel Acuna-Neely*
JESSICA TAYLOR
Texas State Bar No. 24013546
jessica@jtaylorlaw.com
MANUEL ACUÑA-NEELY
Texas State Bar No. 24091489
manuel@jtaylorlaw.com


**ATTORNEYS FOR PLAINTIFF**

Electronically Filed
5/9/2016 11:09:41 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

## C-5477-16-C

## State Farm

ABDON, MARIA

53-697X-783

| | | | |
|---|---|---|---|
| Insured: | ABDON, MARIA | Estimate: | 53-697X-783 |
| Property: | 915 LOMA LINDA | Claim Number: | 53697X783 |
| | ALAMO, TX 78516 | Policy Number: | 83-B7-F873-3 |
| Home: | 956-414-0582 | Price List: | TXMC28_JAN14 |
| Type of Loss: | Wind Damage | | Restoration/Service/Remodel |
| Deductible: | $2,094.00 | | |
| Date of Loss: | 1/10/2014 | | |
| Date Inspected: | 8/3/2015 | | |

### Summary for Coverage A - Dwelling - 35 Windstorm and Hail

| | |
|---|---|
| Line Item Total | 6,296.02 |
| Material Sales Tax | 189.93 |
| Replacement Cost Value | 6,485.95 |
| Less Depreciation (Including Taxes) | (1,588.93) |
| Less Deductible | (2,094.00) |
| Net Actual Cash Value Payment | $2,803.02 |

### Maximum Additional Amounts Available If Incurred:

| | | |
|---|---|---|
| Total Line Item Depreciation (Including Taxes) | 1,588.93 | |
| Replacement Cost Benefits | | 1,588.93 |
| Total Maximum Additional Amount Available If Incurred | | 1,588.93 |
| Total Amount of Claim If Incurred | | $4,391.95 |

Amezquita, Hector
844-529-5982 x 2534598594

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.**

EXHIBIT A

Electronically Filed
8/9/2016 11:09:41 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

&#8484; **StateFarm**

**C-5477-16-C**

## Explanation of Building Replacement Cost Benefits
### Homeowner Policy
### Coverage A - Dwelling - 35 Windstorm and Hail

To:   Name:      ABDON, MARIA
        Address:   915 LOMA LINDA
        City:       ALAMO
        State/Zip:  TX, 78516

Insured:      ABDON, MARIA           Claim Number:   53697X783
Date of Loss:   1/10/2014              Cause of Loss:   WIND

Your insurance policy provides replacement cost coverage for some or all of the loss or damage to your dwelling or structures. Replacement cost coverage pays the actual and necessary cost of repair or replacement, without a deduction for depreciation, subject to your policy's limit of liability. To receive replacement cost benefits you must:

1. Complete the actual repair or replacement of the damaged part of the property within two years of the date of loss; and

2. Notify us within 30 days after the work has been completed.

3. Confirm completion of repair or replacement, by submitting invoices, receipts or other documentation to your agent or claim office.

Until these requirements have been satisfied, our payment(s) to you will be for the actual cash value of the damaged part of the property, which may include a deduction for depreciation.

Without waiving the above requirements, we will consider paying replacement cost benefits prior to actual repair or replacement if we determine repair or replacement costs will be incurred because repairs are substantially under way or you present a signed contract acceptable to us.

The estimate to repair or replace your damaged property is $6,485.95 . The enclosed claim payment to you of $2,803.02 is for the actual cash value of the damaged property at the time of loss, less any deductible that may apply. We determined the actual cash value by deducting depreciation from the estimated repair or replacement cost. Our estimate details the depreciation applied to your loss. Based on our estimate, the additional amount available to you for replacement cost benefits (recoverable depreciation) is $ 1,588.93 .

If you cannot have the repairs completed for the repair/replacement cost estimated, please contact your claim representative prior to beginning repairs.

All policy provisions apply to your claim.

Electronically Filed
12/9/2016 11:09:41 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

## C-5477-16-C

### State Farm

ABDON, MARIA

53-697X-783

### Source - Eagle View

### Main Roof



**Roof**

| | |
|---|---|
| 1,807.73 Surface Area | 18.08 Number of Squares |
| 219.72 Total Perimeter Length | 67.21 Total Ridge Length |
| 11.17 Total Hip Length | |

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| 1. Remove Tear off, haul and dispose of comp. shingles - 3 tab | | | | | | | |
| | 18.08 SQ | 47.48 | 0.00 | 858.44 | | | 858.44 |
| 2. 3 tab - 20 yr. - composition shingle roofing - incl. felt | | | | | | | |
| | 21.00 SQ | 142.91 | 120.79 | 3,121.90 | 13/20 yrs Avg. | (1,030.19) 65.00% | 2,091.71 |
| 3. Drip edge | | | | | | | |
| | 219.72 LF | 1.35 | 10.88 | 307.50 | 13/35 yrs Avg. | (53.01) 37.14% | 254.49 |
| 4. Exterior - paint two coats | | | | | | | |
| | 219.72 SF | 0.74 | 4.35 | 166.94 | 5/15 yrs Avg. | (19.03) 33.33% | 147.91 |
| ***Drip edge is painted*** | | | | | | | |
| 5. Roof vent - turtle type - Metal | | | | | | | |
| | 1.00 EA | 35.57 | 1.29 | 36.86 | 13/35 yrs Avg. | (6.30) 37.14% | 30.56 |
| ***Allowing to replace hail damaged vent*** | | | | | | | |
| **Totals: Roof** | | | **137.31** | **4,491.64** | | **1,108.53** | **3,383.11** |
| Area Totals: Main Roof | | | | | | | |
| 207.41 Exterior Wall Area | | | | | | | |
| 1,807.73 Surface Area | | | 18.08 Number of Squares | | 439.44 Total Perimeter Length | | |
| 67.21 Total Ridge Length | | | 11.17 Total Hip Length | | | | |
| **Total: Main Roof** | | | **137.31** | **4,491.64** | | **1,108.53** | **3,383.11** |

**Shed**

Date:   8/3/2015 5:03 PM

Electronically Filed
9/9/2016 11:09:41 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-5477-16-C**

**State Farm**

ABDON, MARIA

53-697X-783



**Shed**

| | |
|---|---|
| 123.69 Surface Area | 1.24 Number of Squares |
| 44.62 Total Perimeter Length | 12.00 Total Ridge Length |

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| 6. Remove Tear off, haul and dispose of comp. shingles - 3 tab | | | | | | | |
| | 1.24 SQ | 47.48 | 0.00 | 58.88 | | | 58.88 |
| 7. 3 tab - 20 yr. - composition shingle roofing - incl. felt | | | | | | | |
| | 1.67 SQ | 142.91 | 9.61 | 248.27 | 13/20 yrs Avg. | (81.93) 65.00% | 166.34 |
| 8. Drip edge | | | | | | | |
| | 44.62 LF | 1.35 | 2.21 | 62.45 | 13/35 yrs Avg. | (10.76) 37.14% | 51.69 |
| **Totals: Shed** | | | **11.82** | **369.60** | | **92.69** | **276.91** |

Area Totals: Shed

| | |
|---|---|
| 419.32 Exterior Wall Area | |
| 123.69 Surface Area | 1.24 Number of Squares |
| 12.00 Total Ridge Length | 89.23 Total Perimeter Length |

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| **Total: Shed** | | | **11.82** | **369.60** | | **92.69** | **276.91** |



**Interior**

**Kitchen**

Height: 8' 3"

| | |
|---|---|
| 475.75 SF Walls | 200.28 SF Ceiling |
| 676.03 SF Walls & Ceiling | 200.28 SF Floor |
| 57.67 LF Ceil. Perimeter | 57.67 LF Floor Perimeter |

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| CEILING: | | | | | | | |
| 9. R&R Blown-in insulation - 10" depth - R26 | | | | | | | |
| | 3.00 SF | 1.17 | 0.13 | 3.64 | | | 3.64 |
| 10. R&R 1/2" drywall - hung, taped, ready for texture | | | | | | | |
| | 3.00 SF | 1.29 | 0.09 | 3.96 | | | 3.96 |
| ***No texture on walls*** | | | | | | | |

Date:    8/3/2015 5:03 PM

Electronically Filed
8/9/2016 11:09:41 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

## C-5477-16-C

### State Farm

ABDON, MARIA

53-697X-783

CONTINUED - Kitchen

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| 11. Seal/prime then paint the surface area (2 coats) | | | | | | | |
| | 9.00 SF | 0.64 | 0.11 | 5.87 | | | 5.87 |
| 12. Paint the ceiling - one coat | | | | | | | |
| | 200.28 SF | 0.43 | 1.65 | 87.77 | 10/15 yrs Avg. | (14.45) 66.67% | 73.32 |
| WALLS: | | | | | | | |
| 13. R&R 1/2" drywall - hung, taped, ready for texture | | | | | | | |
| | 4.00 SF | 1.29 | 0.12 | 5.28 | | | 5.28 |
| 14. Seal/prime then paint the surface area (2 coats) | | | | | | | |
| | 24.00 SF | 0.64 | 0.30 | 15.66 | | | 15.66 |
| 15. Paint part of the walls - one coat | | | | | | | |
| | 395.75 SF | 0.43 | 3.27 | 173.44 | 10/15 yrs Avg. | (28.56) 66.67% | 144.88 |
| ***Subtracting for cabinets*** | | | | | | | |
| FLOOR: | | | | | | | |
| 16. Mask per square foot for drywall or plaster work | | | | | | | |
| | 200.28 SF | 0.13 | 0.83 | 26.87 | | | 26.87 |
| 17. Content Manipulation charge – per hour | | | | | | | |
| | 1.00 HR | 26.13 | 0.00 | 26.13 | | | 26.13 |
| Totals: Kitchen | | | 6.50 | 348.62 | | 43.01 | 305.61 |



Bedroom                                                    Height: 8'

372.00 SF Walls                         132.50 SF Ceiling
504.50 SF Walls & Ceiling               132.50 SF Floor
46.50 LF Ceil. Perimeter                46.50 LF Floor Perimeter

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| WALLS: | | | | | | | |
| 18. R&R Batt insulation - 4" - R11 - paper faced | | | | | | | |
| | 16.00 SF | 0.59 | 0.42 | 9.86 | | | 9.86 |
| 19. R&R 1/2" drywall - hung, taped, ready for texture | | | | | | | |
| | 16.00 SF | 1.29 | 0.49 | 21.13 | | | 21.13 |
| ***No texture on walls*** | | | | | | | |
| 20. Prep wall for wallpaper | | | | | | | |
| | 356.00 SF | 0.31 | 0.00 | 110.36 | | | 110.36 |

Date:    8/3/2015 5:03 PM

Electronically Filed
8/25/2016 11:09:41 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-5477-16-C**

**State Farm**

ABDON, MARIA

53–697X-783

**CONTINUED - Bedroom**

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| 21. Remove Wallpaper | | | | | | | |
| | 356.00 SF | 0.43 | 0.00 | 153.08 | | | 153.08 |
| 22. Wallpaper | | | | | | | |
| | 372.00 SF | 1.75 | 32.84 | 683.84 | 6/7 yrs Below Avg. | (344.70) 80.00% | 339.14 |
| FLOOR: | | | | | | | |
| 23. Mask per square foot for drywall or plaster work | | | | | | | |
| | 132.50 SF | 0.13 | 0.55 | 17.78 | | | 17.78 |
| 24. Content Manipulation charge - per hour | | | | | | | |
| | 1.00 HR | 26.13 | 0.00 | 26.13 | | | 26.13 |
| **Totals: Bedroom** | | | **34.30** | **1,022.18** | | **344.70** | **677.48** |

Area Totals: Interior

| | | |
|---|---|---|
| 847.75 SF Walls | 332.78 SF Ceiling | 1,180.53 SF Walls and Ceiling |
| 332.78 SF Floor | 368.39 Total Area | 104.17 LF Floor Perimeter |
| 332.78 Floor Area | 109.50 Exterior Perimeter of Walls | 104.17 LF Ceil. Perimeter |
| 1,000.58 Exterior Wall Area | | 847.75 Interior Wall Area |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Total: Interior** | | **40.80** | **1,370.80** | | **387.71** | **983.09** |

Area Totals: Source - Eagle View

| | | |
|---|---|---|
| 847.75 SF Walls | 332.78 SF Ceiling | 1,180.53 SF Walls and Ceiling |
| 332.78 SF Floor | 368.39 Total Area | 104.17 LF Floor Perimeter |
| 332.78 Floor Area | 109.50 Exterior Perimeter of Walls | 104.17 LF Ceil. Perimeter |
| 1,627.31 Exterior Wall Area | | 847.75 Interior Wall Area |
| 1,931.43 Surface Area | 19.31 Number of Squares | 528.67 Total Perimeter Length |
| 79.21 Total Ridge Length | 11.17 Total Hip Length | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Total: Source - Eagle View** | | **189.93** | **6,232.04** | | **1,588.93** | **4,643.11** |

Debris Removal

| | | |
|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| 25. Haul debris - per pickup truck load - including dump fees | | | | | | | |
| | 1.00 EA | 93.99 | 0.00 | 93.99 | | | 93.99 |

Date:    8/3/2015 5:03 PM

Electronically Filed
8/3/2015 11:09:41 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

## C-5477-16-C

### State Farm

ABDON, MARIA                                                                                53-697X-783

### CONTINUED - Debris Removal

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| Totals: Debris Removal | | | 0.00 | 93.99 | | 0.00 | 93.99 |

### Labor Minimums Applied

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| * 26.  Drywall labor minimum | | | | | | | |
| | 1.00 EA | 159.92 | 0.00 | 159.92 | | | 159.92 |
| Totals:  Labor Minimums Applied | | | 0.00 | 159.92 | | 0.00 | 159.92 |
| Line Item Totals: 53-697X-783 | | | 189.93 | 6,485.95 | | 1,588.93 | 4,897.02 |

### Grand Total Areas:

|  |  |  |
|---|---|---|
| 847.75 SF Walls | 332.78 SF Ceiling | 1,180.53 SF Walls and Ceiling |
| 332.78 SF Floor | | 104.17 LF Floor Perimeter |
| | | 104.17 LF Ceil. Perimeter |
| 332.78 Floor Area | 368.39 Total Area | 847.75 Interior Wall Area |
| 1,627.31 Exterior Wall Area | 109.50 Exterior Perimeter of Walls | |
| 1,931.43 Surface Area | 19.31 Number of Squares | 528.67 Total Perimeter Length |
| 79.21 Total Ridge Length | 11.17 Total Hip Length | |

Date:    8/3/2015 5:03 PM

Electronically Filed
12/9/2016 11:09:41 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-5477-16-C**

**State Farm**

ABDON, MARIA

53-697X-783

**Recap of Taxes, Overhead and Profit**

| | GC Overhead (0%) | GC Profit (0%) | Material Sales Tax (8.25%) | Cleaning Mtl Tax (8.25%) | Cleaning Sales Tax (8.25%) | Manuf. Home Tax (5%) | Storage Rental Tax (8.25%) |
|---|---|---|---|---|---|---|---|
| **Line Items** | 0.00 | 0.00 | 189.93 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total** | 0.00 | 0.00 | 189.93 | 0.00 | 0.00 | 0.00 | 0.00 |

Date:    8/3/2015 5:03 PM

Electronically Filed
6/22/2016 8:44:11 AM
Hidalgo County District Clerks
Reviewed By: Iris Ramirez

# LAURA HINOJOSA

Greetings:

Attached you will find the service requested.

May this serve to inform you that service has been issued.  Please proceed in attaching any file stamped documents that need to be served as stated on your issued service.

Please note, the link you are about to open is a "live link" notification.  Please ensure you are printing the service which includes our clerk's signature and the State Seal.  If you are opening a document without the official certifications (signature and seal) please close the window until the document is processed accordingly.  This may take a few minutes.

*When serving protective orders, please DO NOT serve the TCIC form to respondent.

We appreciate the opportunity to assist you.  Please contact our office if you have any questions or require additional information.

Sincerely,

*Laura Hinojosa*

Laura Hinojosa
Hidalgo County District Clerk

P.O. BOX 87 EDINBURG, TEXAS 78540   districtclerk@co.hidalgo.tx.us   OFFICE (956) 318-2200   FAX (956) 318-2251

| Nilda VanHook | Ricardo Contreras | Adriana "Audry" Garcia | Sabrina S. Guerra | Oneida Lamas | Stephanie Palacios | Aida Villarreal |
|---|---|---|---|---|---|---|
| CHIEF DEPUTY | CHIEF OF ADMINISTRATION & PUBLIC INFORMATION | ASSISTANT CHIEF DEPUTY | SENIOR ACCOUNTANT | DEPUTY DISTRICT CLERK SUPERVISOR | BUDGET & PROCUREMENT OFFICER | CHIEF OF APPEALS |

C-5477-16-C
139TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

CITATION

STATE OF TEXAS

**NOTICE TO DEFENDANT:**  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**State Farm Lloyds**
**Registered Agent: Corporation Service Company**
**211 E 7th St Suite 620**
**Austin TX  78701-3218**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL  PETITION  AND  REQUEST  FOR  DISCLOSURE** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Bobby Flores, 139th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 9th day of December, 2016 and a copy of same accompanies this citation.  The file number and style of said suit being C-5477-16-C, **MARIA ABDON VS.  STATE FARM LLOYDS, HECTOR AMEZQUITA**

Said Petition was filed in said court by MANUEL ACUNA-NEELY, 14100 San Pedro, Suite 602; SAN ANTONIO TX  78232.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 12th day of December, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____

**IRIS RAMIREZ, DEPUTY CLERK**

**C-5477-16-C**
**OFFICER'S RETURN**

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____.  I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ....................$_____

_____
**DEPUTY**
**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,**
**CONSTABLE OR CLERK OF THE COURT**
In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

C-5477-16-C
### 139TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION

### STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**Hector Amezquita**
**3146 Hidden Valley Dr.**
**El Paso TX  79938-2748**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Bobby Flores, 139th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 9th day of December, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-5477-16-C, **MARIA ABDON VS.  STATE FARM LLOYDS, HECTOR AMEZQUITA**

Said Petition was filed in said court by MANUEL ACUNA-NEELY, 14100 San Pedro, Suite 602 SAN ANTONIO TX  78232.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 12th day of December, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**IRIS RAMIREZ, DEPUTY CLERK**

**C-5477-16-C**
**OFFICER'S RETURN**

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
         miles ....................$_____

_____
**DEPUTY**
**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,**
**CONSTABLE OR CLERK OF THE COURT**
In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

CAUSE NO. C-5477-16-C

| | | |
|---|---|---|
| **MARIA ABDON,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **139TH JUDICIAL DISTRICT** |
| | § | |
| **STATE FARM LLOYDS AND** | § | |
| **HECTOR AMEZQUITA,** | § | |
| **Defendants.** | § | **HIDALGO COUNTY, TEXAS** |

## DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES State Farm Lloyds, alleged to be a Defendant in this cause, and files this Original Answer in response to the Petition submitted by the above-named Plaintiff.  Without waiving any of its rights or defenses relating to the policy of insurance under which Plaintiff purports to be claiming in this lawsuit and still insisting upon any and all policy conditions, exclusions, requirements, and other policy terms now or later arising, Defendant responds to Plaintiff's Original Petition as follows:

## GENERAL DENIAL

Subject to such stipulations and admissions as may hereinafter be made, Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and Defendant respectfully requests that Plaintiff be required to prove the charges and allegations made against Defendant by a preponderance of the evidence as is required by the Constitution and the laws of the State of Texas.

## DEMAND FOR JURY

Defendant respectfully demands a trial by jury.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Defendant State Farm Lloyds respectfully prays that Plaintiff take nothing by reason of this lawsuit.  Defendant further prays for additional and further relief to which it may show itself to be justly entitled, at law or in equity.

Respectfully submitted,

**JONES, ANDREWS & ORTIZ, P.C.**

By:   /s/ *Ray R. Ortiz*
        Ray R. Ortiz
        State Bar No. 15324280
        Jonathan Law
        State Bar No. 24028656
        ray@jao-law.com
        jon@jao-law.com
        rrosupport@jao-law.com
10100 Reunion Place, Suite 600
San Antonio, Texas  78216
210/344-3900 Telephone
210/366-4301 Facsimile
**ATTORNEYS FOR DEFENDANT,**
**STATE FARM LLOYDS**

## <u>CERTIFICATE OF SERVICE</u>

In accordance with the Texas Rules of Civil Procedure, on January 6, 2017, the above and foregoing instrument was served upon the following counsel of record via e-service:

Jessica Taylor
Manuel Acuña-Neely
The Law Office of Jessica Taylor
14100 San Pedro, Suite 602
San Antonio, TX 78322
jessica@jtaylorlaw.com
manuel@jtaylorlaw.com

/s/ *Ray R. Ortiz*
Ray R. Ortiz/Jonathan Law