UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MARIA ABDON, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 7:17-CV-00006 |
| § | |
| STATE FARM LLOYDS, § | |
| § | |
| Defendant. § | |

# OPINION

The Court now considers State Farm Lloyds ("Defendant") motion for partial dismissal on the pleadings,[1] as well as Maria Abdon's ("Plaintiff") response and alternative motion for leave to amend.[2] After duly considering the record and authorities, the Court **DENIES** Plaintiff's motion for leave to amend, and **GRANTS** Defendant's motion for partial dismissal.

## I. BACKGROUND

This insurance case arises from a hailstorm which allegedly occurred on or about January 10, 2014 and damaged Plaintiff's residential property.[3] Plaintiff submitted a claim to Defendant—her insurer—who in turn assigned Hector Amezquita ("Amezquita") to adjust the claim.[4] Plaintiff alleges that "Amezquita improperly adjusted Plaintiff's claim" by conducting "a substandard inspection, which is evidenced in his reports, which failed to include many of Plaintiff's damages."[5]

---

[1] Dkt. No. 17.
[2] Dkt. No. 18.
[3] Dkt. No. 1-3 ¶¶ 10, 12, & 13.
[4] *Id*. ¶ 14.
[5] *Id*. ¶ 15.

Apparently, Amezquita's inspection adjusted for damages in the amount of $6,485.95.[6] However, Plaintiff alleges that covered damages were actually $27,809.29, and thus that Amezquita's adjustment was a misrepresentation which ultimately led to underpayment.[7] Moreover, Plaintiff alleges that Amezquita offered her "negligent and false" advice on how to prevent future damages to her home, and thus she "sustained further damages as a result."[8]

Plaintiff filed suit in state court on December 9, 2016,[9] alleging breach of contract, violations of the Texas Insurance Code ("TIC") and Texas Deceptive Trade Practices Consumer Protection Act ("DTPA"), as well as common law bad faith, negligence, gross negligence, negligent misrepresentation, fraud and fraudulent inducement, and conspiracy.[10] Defendant thereafter removed the case.[11] Plaintiff filed a motion to remand,[12] but the Court denied the motion and dismissed adjuster Amezquita without prejudice.[13]

Defendant filed a partial motion to dismiss all of Plaintiff's extra-contractual claims,[14] and Plaintiff responded, embedding the following alternative request for leave to amend: "in the event [the Court] finds the Motion has merit in any or all respects, Plaintiff request the Court grant her leave to amend so she can file an amended complaint to plead more specific facts upon which to support her extra-contractual claims against State Farm."[15] The court now turns to its analysis.

---

[6] *Id.* ¶ 16.
[7] *Id.* ¶¶ 16–19.
[8] *Id.* ¶ 15.
[9] Dkt. No. 1-3 p. 4.
[10] Dkt. No. 1-2 pp. 10–16.
[11] Dkt. No. 1.
[12] Dkt. No. 7.
[13] Dkt. No. 13.
[14] Dkt. No. 17.
[15] Dkt. No. 18 p. 7.

## II. DISCUSSION

### A. *Preliminary Matters*

The Court must first address Plaintiff's embedded request for leave to amend, which would nullify Defendant's dismissal motion if granted. Generally, leave to amend should be "freely" granted.[16] However, the Fifth Circuit recently stated that leave to amend is not required when: "[1] the movant contends that his pleadings sufficed to state a due process claim throughout his briefing in opposition to the rule 12(c) motion and [2] fails to apprise the district court of the facts that he would plead in an amended complaint, if necessary, to cure any deficiencies."[17]

Here, leave to amend is improper. Plaintiff responded to Defendant's dismissal motion, contending that "Plaintiff's factual allegations are sufficient to support her extra-contractual claims."[18] However, when requesting leave to amend, Plaintiff does not specify what facts she would add to cure specific pleading deficiencies: "Plaintiff requests the Court grant her leave to amend so she can file an amended complaint to plead more specific facts upon which to support her extra-contractual claims against State Farm."[19] This is not specific enough for the Court to determine whether Plaintiff's intended amendments would be futile and a waste of everyone's time. Thus, Plaintiff's motion for leave to amend is **DENIED**.

Next, the Court observes that Defendant's dismissal motion, which was submitted *after* its answer, was brought under Federal Rule of Civil Procedure ("Rule") 12(b)(6).[20] However,

---

[16] Dkt. No. 15(a)(2).
[17] *Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) (quoting *Gentilello v. Rege*, 627 F.3d 540, 546 (5th Cir. 2010)).
[18] Dkt. No. 18. p. 3.
[19] *Id*. p. 7.
[20] *See* Dkt. No. 17 p. 1.

Rule 12(b)(6) motions must be brought *before* an answer is submitted.[21] Nevertheless, the Fifth Circuit authorizes the conversion of Rule 12(b)(6) motions into Rule 12(c) motions, which have the same legal standard.[22] Thus, although Defendant utilizes the incorrect procedural vehicle for its motion, it is of no consequence. The Court admonishes Defense counsel to employ the proper procedural vehicles when filing future motions with this Court. The Court now turns to Defendant's Rule 12(c) motion.

    B.    *Dismissal motion*

        *i.*    ***12(c) & 9(b) standards***

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[23] A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[24] A pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[25] Courts "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."[26]

Moreover, Federal Rule of Civil Procedure 9(b) heightens the traditional 12(c) pleading standard when the claim in question involves fraud, requiring a party to "state with particularity the circumstances constituting fraud or mistake."[27] The Fifth Circuit has clarified what it means to state "with particularity" the circumstances constituting fraud: the plaintiff must allege the

---

[21] Fed. R. Civ. P. 12(b)(6) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.").
[22] *Triplett v. LeBlanc*, 642 Fed. Appx. 457, 459 (5th Cir. 2016).
[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).
[24] *Id*.
[25] *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted)).
[26] *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (alteration omitted).
[27] Fed. R. Civ. P. 9(b).

"[1] time, [2] place, [3] contents of the false representations, as well as the [4] identity of the person making the misrepresentations and [5] what he obtained thereby."[28] This doctrine has expanded to include "all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud."[29]

Thus, courts have consistently applied Rule 9(b)'s heightened pleading standard to Texas Insurance Code ("TIC") claims, Texas Deceptive Trade Practices Act ("DTPA") claims, and conspiracy to commit fraud claims.[30] Some courts have been careful to distinguish between TIC provisions which are ultimately grounded in fraud and those that are not.[31] However, courts applying Rule 9(b) to DTPA claims make no such fine-tuned distinctions, and appear to universally apply rule 9(b) regardless of the provision.[32]

### i. *Fraud-based claims*

Plaintiff alleges violations of the following DTPA provisions: §§ 17.46(b)(2),[33] (5),[34] (7),[35] (9),[36] (12),[37] (20),[38] and (24).[39] These provisions generally prohibit deceptive acts in

---

[28] *Benchmark Elec., Inc., v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).
[29] *Frith v. Guardian Life Ins. Co. of Am.*, 9 F.Supp.2d 734, 742 (S.D. Tex. 1998).
[30] *Frith*, 9 F. Supp. 2d at 742; *see also Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009) (applying Rule 9(b) to Texas Insurance Code § 541 and DTPA); *Patel v. Pac. Life Ins. Co.*, at *18 (N.D. Tex. May 22, 2009) (applying 9(b) to Texas Insurance Code § 541); *Ramirez v. Am. Home Products*, 2005 WL 2277518, at *9 (S.D. Tex. Sept. 16, 2005) (applying Rule 9(b) to DTPA claim alleging misrepresentations); *Tedder v. USF & G Specialty Ins. Co.*, 2011 WL 1806516, at *5 (S.D. Tex. May 11, 2011) (applying 9(b) to Texas Insurance Code § 542 claim); *Allstate Ins. Co. v. Benhamou*, 2016 WL 3126423, at *22 (S.D. Tex. June 2, 2016) (applying 9(b) to conspiracy to commit fraud); *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 193 (5th Cir. 2009) (applying 9(b) to conspiracy to commit fraud).
[31] *See e.g. Tiras v. Encompass Home & Auto Ins.* Co., 2011 WL 5827298, at *4–6 (S.D. Tex. Nov. 17, 2011).
[32] *See DiNoto v. USAA Cas. Ins. Co.*, 2014 WL 4923975, at *6 (S.D. Tex. Sept. 30, 2014); *Dalton v. State Farm Lloyd's, Inc.*, 2013 WL 3157532, at *7 (S.D. Tex. June 19, 2013); *Lopez v. United Prop. & Cas. Ins. Co.*, 2016 WL 3671115, at *5 (S.D. Tex. July 11, 2016); *Bowles v. Mars, Inc.*, 2015 WL 3629717, at *2 (S.D. Tex. June 10, 2015); *Pejouhesh v. Capital One Bank*, 2014 WL 4243745, at *4 (S.D. Tex. Aug. 26, 2014), reconsideration denied, 2015 WL 539549 (S.D. Tex. Feb. 9, 2015), appeal dismissed, 644 Fed. Appx. 283 (5th Cir. 2016).
[33] Prohibiting causing confusion about services or goods.
[34] Prohibiting deception concerning goods or their geographic origin.
[35] Prohibiting misrepresentation about a product or service's qualities.
[36] Prohibiting false advertising.
[37] Prohibiting misrepresentation about the nature of an agreement.
[38] Prohibiting misrepresentation of the nature of guarantees or warranties.

connection with the provision of goods or services. However, Plaintiff fails to support any of her DTPA claims in a non-conclusory manner with an explanation of what Defendant did factually that constitutes a deceptive act. On this basis alone, Plaintiff has failed to adequately plead any of her DTPA claims, which are all subject to the heightened Rule 9(b) pleading standard.[40] The same logic applies with equal force to Plaintiff's TIC Section 541.060(a)(1) claim, which is itself grounded in fraud.[41] These claims are **DISMISSED WITH PREJUDICE**.

### ii. Remaining TIC claims

Plaintiff fails to state any remaining TIC claims in accordance with federal pleading standards, largely tracking the statutory language of each respective provision asserted.[42] Insofar as this is the case, Plaintiff's allegations are conclusory and will be ignored because they are not entitled to the assumption of truth.[43] Even assuming Amezquita's actions are imputable to Defendant—Plaintiff's pleading heavily relies upon this premise—the only allegations that do not ostensibly track the applicable statutory language are as follows:

- "Amezquita improperly adjusted Plaintiff's claim."[44]

- "Amezquita conducted a substandard inspection, which is evidenced in her report, which failed to include many of Plaintiff's damages."[45]

- "Amezquita misrepresented the cause of, scope of and cost to repair the damage to Plaintiff's property, as well as the amount of and insurance coverage for Plaintiff's claim under Plaintiff's policy."[46]

- "State Farm and Amezquita failed to properly adjust the claim and Defendants have denied at least a portion of the claim without an adequate investigation . . . ."[47]

---

[39] Prohibiting intentional inducement of a customer into a transaction by failing to disclose pertinent, known information about a product or service.
[40] *See Benchmark Elec.*, Inc., 343 F.3d at 724.
[41] *Id.*
[42] *See* Dkt. No. 1-3 pp. 9–10.
[43] *Iqbal*, 556 U.S. at 679.
[44] Dkt. No. 1-3 ¶ 15.
[45] *Id.*
[46] *Id.*
[47] *Id.* ¶ 17.

- "Defendants misrepresented that the damages caused by the wind and hailstorm were only $6,485.95. However, Defendants' misrepresentations were false because Plaintiff's damages exceed $27,809.29"[48]

These statements do not render Plaintiff's TIC claims well-pled because they are conclusory and "naked assertions devoid of further factual enhancement."[49] Another district court has stated under similar circumstances, that "[t]hese factual allegations are not pled with enough specificity to distinguish particular facts from legal conclusions."[50]

For example, Plaintiff does not explain exactly how Amezquita's adjustments were "improper," "substandard," or otherwise inadequate. Moreover, Plaintiff does not specify which damages Amezquita "failed to include" in his adjustments, and why they should have been included. Plaintiff also fails to explain when she filed her insurance claim with Defendant. It is thus impossible to know whether or not Defendant responded within a "reasonable time" as required by TIC § 541, or whether Defendant timely notified Plaintiff of acceptance or rejection of the claim within fifteen days of the date the claim was made, as required by TIC § 542.056(a). For these reasons, Plaintiff has failed to sufficiently plead any TIC claim, each of which must be **DISMISSED WITH PREJUDICE**.

   *iii.*   *Common law bad faith*

In Texas, the common-law bad faith standard is imputed to statutory liability under the TIC.[51] Thus, common law bad faith shares the same standard as TIC §§ 541.060(a)(2) and

---

[48] *Id.* ¶ 16.
[49] *Iqbal*, 556 U.S. at 678.
[50] *Johnson, v. The Travelers Home & Marine Ins. Co.*, 2016 WL 4061146, at *2 (S.D. Tex. July 29, 2016).
[51] *Reyna v. State Farm Lloyds*, 2016 WL 3654761, at *8 (S.D. Tex. July 8, 2016) (citing *Emmert v. Progressive Cnty. Mut. Ins. Co.*, 882 S.W.2d 32, 36 (Tex. App.—Tyler 1994, writ denied); *Texas Mut. Ins. Co. v. Sara Care Child Care Ctr., Inc.*, 324 S.W.3d 305, 317 (Tex. App.—El Paso 2010, review denied) (citing *Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922–23 (Tex. 2005) (per curiam)).

(a)(7).[52] Accordingly, and for the same reasons Plaintiff's TIC claims were insufficiently pled, Plaintiff's common law bad faith claim has been improperly pled as well, and is **DISMISSED WITH PREJUDICE**.

### iv. Conspiracy

Plaintiff contends that Defendant conspired with Amezquita to violate the DTPA, TIC, as well as to commit fraud, fraudulent inducement, breach of contract, and breach of the duty of good faith and fair dealing.[53] The elements of a civil conspiracy are: "1) two or more persons; 2) had an object to be accomplished; 3) that there was a meeting of the minds on the subject or course of action; 4) that there was one or more unlawful acts; and 5) that the Plaintiff was damaged as a proximate result thereof."[54]

Plaintiff attempts to support the third element with a conclusion: "The Defendants had a meeting of the minds on the objects or courses of action."[55] Nothing in Plaintiff's pleading beyond this conclusory statement factually supports the third element of conspiracy. Moreover, Plaintiff has failed to sufficiently plead any predicate DTPA, TIC, or bad faith claim. Thus, Plaintiff has insufficiently pled civil conspiracy against Defendant, and this claim is **DISMISSED WITH PREJUDICE**.

---

[52] *See Arnold v. National County Mut.Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987) ("A cause of action for breach of duty of good faith and fair dealing is stated when it is alleged that there is no reasonable basis for denial of a claim or delay in payment or a failure on the part of the insurer to determine whether there is any reasonable basis for the denial or the delay."); *see also* Tex. Ins. Code Ann. § 541.060(a)(2) (prohibiting "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear."); Tex. Ins. Code Ann. § 541.060(a)(7) (prohibiting "refusing to pay a claim without conducting a reasonable investigation with respect to the claim.").
[53] Dkt. No. 1-3 ¶ 59.
[54] *Barclay v. State Farm Lloyds*, CIV.A. H-14-3649, 2015 WL 1408185, at *7 (S.D. Tex. Mar. 26, 2015) (citing *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1194 (5th Cir.1995)).
[55] Dkt. No. 1-3 ¶ 59.

### III. HOLDING

For the foregoing reasons, Plaintiff's motion for leave to amend is **DENIED**, and Defendant's partial motion to dismiss is **GRANTED**. All of Plaintiff's extra-contractual claims are **DISMISSED WITH PREJUDICE**, and only Plaintiff's breach of contract claim remains.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 17th day of August, 2017.

Micaela Alvarez
United States District Judge